UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMOTHY M. COHANE,

                              **Plaintiff,**                    04-CV-0181S(Sr)

v.

NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION, et al.,

                              **Defendants.**

---

## **DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications.  Dkt. #40.

Plaintiff, Timothy M. Cohane, the former head coach for the Sate University of New York at Buffalo  ("SUNY at Buffalo"), basketball team, commenced this action against the National Collegiate Athletic Association ("NCAA"), *et al.*, alleging that he was denied due process and deprived of a liberty interest during the course of an investigation and hearing with respect to alleged violations of NCAA rules.   Dkt. #1.

Currently before the Court is defendants' motion challenging nine of plaintiff's responses to defendants' first request for admissions and asking the Court to deem the facts set forth in those requests admitted pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure.  Dkt. #93.  Defendants argue that these requests are

not "trick" questions designed to trap plaintiff, but are "simple, unambiguous requests relating to basic facts proven exhaustively by the record in this case."  Dkt. #94, p.7.

Plaintiff responds that the qualification of his responses to defendants' requests for admissions was necessary because the requests were "crafted in such a manner so as to attempt to pigeonhole plaintiff into erroneous admissions that go to the heart of the matter before this court[,] i.e.[,] fairness and the opportunity to be heard and respond to charges."  Dkt. #97, p.2.  Plaintiff argues that

> When material evidence is withheld, when false evidence and statements are proffered and when improper ex-parte communications between accusers and adjudicators occur, it is impossible to conceive that the accused received an opportunity to be heard or that the NCAA proceedings even constituted a hearing.

Dkt. #97, p.6.

Rule 36(a)(1) of the Federal Rules of Civil Procedure provides that "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4).

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a)(6).

Requests for Admissions are intended to narrow the factual issues of a case. *Booth Oil Site Administrative Group v. Safety-Kleen*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000). The party requesting admission "bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). "Generally, qualification is permitted if the statement, although containing some truth, . . . standing alone out of context of the whole truth . .. convey[s] unwarranted and unfair inferences." *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990) (internal quotations omitted). Any such qualifications should "provide clarity and lucidity to the genuineness of the issue" and not "obfuscate, frustrate, or compound the references." *Henry*, 212 F.R.D. at 78. "Qualifying a response may be particularly appropriate if the request is sweeping, multi-part, involves sharply contested issues, or goes to the heart of a defendant's liability." *Wiwa v. Royal Dutch Petro. Co.*, No. 01CIV1909, 2009 WL 1457142, at *4 (S.D.N.Y. May 26, 2009).

In the instant case, plaintiff has qualified his responses to make clear his position that the process afforded to him was not adequate because exculpatory evidence was withheld from him, thereby impeding his ability to defend against the accusations leveled against him in a meaningful manner.  Given the gratuitous verbiage included in several of defendants' requests, such a qualification is understandable, if not actually warranted.  On the other hand, plaintiff should not be allowed to avoid admissions as to the process which was provided to him because of his argument that this process was insufficient or otherwise deficient.  Accordingly, upon review of the defendants' first request for admissions, and plaintiff's responses thereto, the Court orders as follows:

**Number 4:**

Plaintiff is directed to admit or deny, without qualification, whether he provided a written response regarding the alleged rule violations to the Committee on Infractions ("COI"), prior to the February 9, 2001 COI hearing.

**Number 5:**

Plaintiff's admission that he appeared, with counsel, before the NCAA COI on February 9, 2001 in Tampa Fla is sufficient.

**Number 9**:

Plaintiff's admission that bates numbers 1600-1783 is an accurate copy of the response submitted to the COI by Cohane is sufficient.

**Number 10:**

      Plaintiff's admission that bates nos 777-853 is an accurate copy of the response submitted to the COI by Cohane is sufficient.

**Number 14**:

      Plaintiff is directed to admit or deny, without qualification, whether he presented arguments and documents on his behalf during the COI hearing.

**Number 21:**

      Plaintiff is directed to admit or deny, without qualification, whether bates nos 948-1188 is an accurate copy of documents submitted by plaintiff in support of his appeal on or about April 27, 2001.

**Number 22:**

      Plaintiff is directed to admit or deny, without qualification, whether he submitted further information, including affidavits, in support of his appeal on or about June 28, 2001.

**Number 28:**

      Plaintiff is directed to admit or deny, without qualification, whether he presented information, argued, answered questions and lodged challenges or objections to the COI's Report during the IAC appeal hearing.

**Number 32**:

Plaintiff is directed to admit or deny, without qualification, whether plaintiff and his counsel met with Defendants Tom Hosty and Stephanie Hannah at plaintiff's counsel's office in Massachusetts on or about January 8, 2001 at plaintiff's request.

**SO ORDERED.**

**DATED:**  **Buffalo, New York**
**March 26, 2012**

　　　　　　　　　　　　　　　　　　　　*s/ H. Kenneth Schroeder, Jr.*
　　　　　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**