**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TIMOTHY M. COHANE,**

**Plaintiff,** **04-CV-0181S(Sr)**

**v.**

**NATIONAL COLLEGIATE**
**ATHLETIC ASSOCIATION, et al.,**

**Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #40.

Plaintiff, Timothy M. Cohane, the former head coach for the State University of New York at Buffalo ("SUNY at Buffalo"), basketball team, commenced this action against the National Collegiate Athletic Association ("NCAA"), *et al.*, alleging that he was denied due process and deprived of a liberty interest during the course of an investigation and hearing with respect to alleged violations of NCAA rules. Dkt. #1.

Currently before the Court is plaintiff's motion to compel production of documents demanded in number 1, 2, 3 and 4 of plaintiff's supplemental notice to produce dated July 28, 2011. Dkt. #102.

As an initial matter, the Court agrees with defendants that plaintiff's supplemental notice to produce is untimely because it was served within days of the close of discovery. Dkt. #102, p.13; Dkt #104, p.8. The Court's most recent case management order directs that "[a]ll discovery in this case shall be completed no later than July 29, 2011." Dkt. #90, ¶4. However, plaintiff's supplemental notice to produce is dated July 27, 2011. Dkt. #102, p.10. "Generally, discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date." *Gavenda v. Orleans County*, 182 F.R.D. 17, 20 (W.D.N.Y. 1997). Discovery requests which are served too late in the discovery period to allow for a timely response may be disallowed. *Id.*

Plaintiff's counsel responds that he only realized the need to request these additional documents as he was reviewing materials prior to the close of discovery. Dkt. #107, p.2. However, defendants note that three of the demands in plaintiff's supplemental notice to produce seek documents which were requested in plaintiff's first request for the production of documents. Dkt. #105, pp.18-19. Moreover, defendants represent that the fourth request references documents discussed during depositions conducted in October, 2001. Dkt. #104, p.11. Thus, there does not appear to be cause for the failure to request these documents, or move to compel with respect to the first three requests, well before the deadlines set in the Court's amended scheduling order.

Defendants also note plaintiff's failure to comply with the certification requirement set forth in Rule 37(a)(1) of the Federal Rules of Civil Procedure and this

Court's Local Rule 7(d)(4). Dkt. #105, p.3. Rule 37(a)(1) of the Federal Rules of Civil Procedure requires a party moving for an order compelling disclosure of documents to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 7(d)(4) further provides that

> No motion for discovery and/or production of documents under Federal Rule of Civil Procedure 37 should be heard unless accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made. Such an affidavit shall detail the times and places of the parties' meetings or discussions concerning the discovery dispute and the names of all parties participating therein, and all related correspondence must be attached.

Plaintiff's counsel's reply that he advised defense counsel that he intended to move to compel production following receipt of defendants response to his supplemental notice for production (Dkt. #107, ¶ 4), is insufficient to meet this requirement.

Even if the Court were to consider the motion to compel on the merits, plaintiff's motion would fail. Number 1 of the supplemental notice to produce seeks a "full and complete copy of the NCAA's "Pink File" in which plaintiff[']s name appears." Dkt. #102, p.9. Number 2 of the supplemental notice to produce seeks a "certified and complete copy of the NCAA "pink file" including names of all coaches whose names appear therein. Dkt. #102, p.9. The Court agrees with defendants (Dkt. #102, p.14), that penalties assessed against other coaches are immaterial to plaintiff's due process claim.

With respect to Number 3, which seeks a "complete copy of the audio recording tape, MP3 and transcript of the NCAA/COI March 21, 2001 press conference/ statements by NCAA and/or defendant Freidenthal regarding Plaintiff Cohane and/or SUNY Buffalo NCAA Infractions case and March 21, 2001 public infractions reports," (Dkt. #102, p.10), the Court relies upon defendants' response that there is no document responsive to this request (Dkt. #102, p.15), and that defendants produced all responsive, non-privileged documents in their possession, custody or control, but after a diligent search, found no audio recording. Dkt. #105, p.10. Thereore, plaintiff's request is denied as moot.

Number four of plaintiff's supplemental notice to produce seeks

> The 2001 University of Minnesota/Clem Haskins Infractions Report, COI Appeals Response, Appeals Transcript and Case Summary. Defendant Hannah participated in that case. Discovery to date has now revealed that according to NCAA memorandum the enforcement staff "wrote a significant portion of the COI Appeal response."

Dkt. #102, p.10. Defendants responded that this demand is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Dkt. #102, p.16. Plaintiff argues that these materials will contradict NCAA testimony, impeach the credibility of defendant Stephanie Hannah and demonstrate that the NCAA enforcement staff plays an active and materially significant behind the scenes role in the NCAA appeals process. Dkt. #107, p.3. However, defendant Hannah's involvement in an appeal of another matter is immaterial to the issues presented in the instant case.

Defendants seek attorney's fees and sanctions. Dkt. #105, pp.5-6. Rule 37(a)(5)(B) provides that if a motion to compel is denied, the Court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Having knowledge of the voluminous discovery materials, prior discovery issues, and numerous prior extensions of discovery deadlines to accommodate completion of discovery in this action and its companion case, 04-CV-943, and upon consideration of the limited nature of the instant motion and it's filing within a month of defendants' response to the supplemental notice to produce and within two months of the close of discovery, the Court does not find an award of expenses justified.

Dispositive motions shall be filed no later than **November 9, 2012.**

**SO ORDERED.**

**DATED: Buffalo, New York**
**September 11, 2012**

***s/ H. Kenneth Schroeder, Jr.***
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**